**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Amy RODEFER, Defendant—Appellant.**

No. 05–30093.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted Nov. 8, 2005.*

Decided Nov. 16, 2005.

Before: WALLACE, LEAVY, and BERZON, Circuit Judges.

MEMORANDUM **

Amy Rodefer appeals from the district court's judgment imposing a 14–month sentence following her guilty-plea conviction for access device fraud in violation of 18 U.S.C. § 1029(a)(5). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's interpretation of the Sentencing Guidelines, and for abuse of discretion the district court's application of the Sentencing Guidelines to the facts of this case. *See United States v. Kimbrew,* 406 F.3d 1149, 1151 (9th Cir. 2005). We vacate the sentence and remand for resentencing.

Rodefer contends that the district court erred by failing to take into account the benefit conferred on her ex-fiancé, whose credit cards she used without authorization. We disagree. *See* U.S.S.G. § 2B1.1 (2004). Contrary to Rodefer's assertion, the victims in this case were the credit card companies; her ex-fiancé is not a victim for the purpose of loss calculation because he was absolved of any financial obligation to the credit card companies and did not sustain any actual loss. *See id.,* cmt. 1.

Rodefer contends that the district court erred by including finance charges in the amount of loss calculation. As a result of this, the sentence may not be reasonable. *See* U.S.S.G. § 2B1.1, cmt. 3(D)(i)

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

616

(2004); *see also United States v. Morgan,* 376 F.3d 1002, 1014 (9th Cir.2004) (concluding that the district court erred by including interest and finance charges in the amount of loss); *Kimbrew,* 406 F.3d at 1154. Accordingly, we vacate the sentence and remand for resentencing.

Rodefer's motion to continue to expedite the appeal is denied as moot.

SENTENCE VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.